UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 06-22222-CIV  COOKE/BROWN

LUMBERMENS MUTUAL CASUALTY
COMPANY,

 *Plaintiff*,
v.

DADELAND COVE SECTION ONE
HOMEOWNERS' ASSOCIATION, INC.,
f/k/a DADELAND COVE HOMEOWNERS'
ASSOCIATION, INC., a Florida Non-Profit
Corporation, *et al.*,

 *Defendants/Counterplaintiffs*.
_____/

ORDER ON MOTIONS TO ENFORCE, FOR RECONSIDERATION,
AND FOR SANCTIONS

**BEFORE THIS** Court is a Motion to Enforce the settlement agreement between the parties [DE 46], and a Motion for Rule 11 Sanctions, filed by Defendants/Counterplanitffs, DADELAND COVE SECTION ONE HOMEOWNERS' ASSOCIATION, INC. ("the Association").  Also before the Court is a Motion for Reconsideration, [DE 49], of the Final Summary Judgment previously entered in this matter [DE 45], filed by Plaintiff, LUMBERMENS MUTUAL CASUALTY COMPANY ("Lumbermens").  For the reasons set forth below, this Court grants the Motion to Enforce the settlement agreement, denies the Motion for Rule 11 Sanctions, and denies the Motion for Reconsideration.

**I. Background**

 This matter initially came before this Court based upon a disagreement between Lumbermens

and the Association regarding coverage under an insurance contract.[1] The parties mediated the case pursuant to this Court's order and agreed to resolve the case on cross-motions for summary judgment. Pursuant to an agreement reached at mediation the parties would each submit a motion for summary judgement with specific consequences to flow based upon the Court's ruling.[2] On October 11, 2007 the Court ruled that there was coverage, denying Lumbermens' summary judgment motion and granting the Association's. On October 31, 2007, the Association filed its Motion to Enforce the terms of the agreement. On November 2, 2007, Lumbermens filed its Motion for Reconsideration. On November 12, 2007 the Association served Lumbermens with its proposed Motion for Sanctions under Rule 11, and that Motion was filed on February 12, 2008.

## II. Analysis

*A.     Lumbermans' Motion for Reconsideration*

Fed. R. Civ. P. 60(b) outlines the "circumstances under which relief may be obtained from the operation of final judgments." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981).[3] "On motion and just terms, the court may relieve a party . . . from a final judgment, order,

---

[1] A full recitation of the facts of the case are set forth in the opinion order of this Court [DE 45].

[2] For example, if the Court ruled that there was no coverage then Lumbermens would pay nothing and would have no further duty to defend in the underlying action. However, if the Court ruled that there was coverage then Lumbermens would pay the remaining policy limits on behalf of the Association. [DE 46, Exhibit A]

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

or proceeding [based upon]. . .mistake [or] inadvertence . . . ." Fed. R. Civ. P. 60(b)(1).[4] Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc.*, 635 F.2d at 401 (quoting *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970 ), cert. denied, 399 U.S. 927 (1970)). Where it is the court's misunderstanding or misapplication of the law that is asserted in a Rule 60(b)(1) motion, the movant must demonstrate that the court's mistake involved "a 'plain misconstruction' of the law and the erroneous application of that law to the facts." *See Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992) (quoting *Compton v. Alton Steamship Co.*, 608 F.2d 96, 104 (4th Cir. 1979)); *see also In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001) (reasoning that a "judicial error" may be "corrected as a mistake pursuant to Rule 60(b)" where the error involves "a fundamental misconception of the law or conflict with a clear statutory mandate").

In the instant matter Lumbermens' Motion for Reconsideration identifies seven alleged misapplications of the law from which is seeks relief: (1) the Opinion "appears to have considered" the doctrine of reasonable expectations, in conflict with Florida Law; (2) the Opinion "appears to have implied" that the exclusionary provision was ambiguous, but lacks an express finding that the exclusionary clause was susceptible to two reasonable interpretations; (3) the Court "overlooked" the argument that commercial general liability insurance was designed to provide coverage for the

---

[4] Lumbermens cites to Fed. R. Civ. P. 60(b)(6), while quoting from both 60(b)(1) and (b)(6) in its Motion for Reconsideration. This Court will only consider the motion under Rule 60(b)(1) since a "claim of legal error falls in the category of 'mistake' under Rule 60(b)(1) thus is not cognizable under 60(b)(6) . . . ." *Hopper v. Euclid Mannor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *see also Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (holding that "60(b)(1) and (b)(6) are mutually exclusive" such that "a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)").

type of property damage at issue, rather than a directors and officers liability policy, which was at issue; (4) the Court failed to address, discuss or distinguish any of the non-binding case law which was offered by Lumbermens in support of its position; (5) the Court "appears to have concluded" that the Policy was illusory, when there were actually many types of claims what would have been covered; (6) the Court's statement that "exclusionary clauses must be construed more strictly than coverage clauses," is an incorrect statement of Florida law; and (7) the Court ignored Florida Supreme Court precedence when interpreting the term "arising from" in the exclusionary clause. [DE 49]

The irresolute and conjectural language in many of Lumbermens' assertions demonstrates that most of the alleged misapplications fall well short of the "fundamental misconception" standard for reconsideration by this Court. The fact that Lumbermens is having to stack inference upon inference in order to reach the conclusion that this Court misapplied the law, is demonstrative of the fact that the Opinion did not constitute a manifest error of law or mistake of fact. The first five assertions fail to demonstrate "a plain misconstruction of the law and the erroneous application of that law to the facts." *See Nisson*, 975 F.2d at 806.

Lumbermens' sixth assertion is patently inaccurate. *See, e.g., Blue Cross and Blue Shield of Florida, Inc. v. Steck*, 778 So. 2d 374, 376 (Fla. Dist. Ct. App. 2001) (reasoning that "exclusionary clauses must be construed more strictly than coverage clauses"), *appeal dismissed on other grounds*, 818 So. 2d 465 (Fla. 2002); *Purrelli v. State Farm Fire and Cas. Co.*, 698 So. 2d 618, 620 (Fla. Dist. Ct. App. 1997) ("Exclusionary clauses in insurance policies are construed more strictly than coverage clauses."); *Florida Farm Bureau Ins. Co. v. Birge*, 659 So. 2d 310, 311 (Fla. Dist. Ct. App. 1994) ("Exclusionary clauses are construed more strictly than coverage clauses."), *review denied*, 659 So.

2d 271 (Fla. 1995); *Triano v. State Farm Mut. Auto. Ins. Co.*, 565 So. 2d 748, 749 (Fla. Dist. Ct. App. 1990) (explaining that "exclusionary clauses . . . are to be construed even more strictly than coverage clauses"); *Wallach v. Rosenberg*, 527 So. 2d 1386, 1389 (Fla. Dist. Ct. App. 1988) (finding that it is "well-settled law in Florida that exclusionary clauses are construed more strictly than coverage clauses"), *review denied*, 536 So. 2d 246 (Fla. 1988).

Lumbermens' seventh assertion, that this Court ignored the precedence of *Taurus Holdings, Inc. v. U.S.F. & G.*, 913 So. 2d 528 (Fla. 2005), in interpreting the phrase "arising from" in the exclusionary clause, is likewise incorrect. *Taurus Holdings* interpreted the phrase in the context of a "products-completed operations hazard exclusion found in [a] commercial general liability polic[y]." *Id.* at 540. When interpreting a provision of an insurance contract, the language of the particular policy at issue, and the circumstances to which that language is being applied is critical. *Id.* at 535. *Taurous Holdings* is distinguishable. In that case the court found that the claim arose from an excluded activity (gun use) and was therefore excluded under the policy. *Id.* at 540. In the instant matter, this Court held that the claim arose from a covered activity (breach of fiduciary duty), and therefore was not excluded under the policy. Accordingly, Lumbermens' assertions are wrong. Upon review I find no basis for granting the Motion for Reconsideration.

  B.  The Association's Motion for Rule 11 Sanctions

Rule 11 sanctions are within the discretion of the court:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith or for an improper purpose.

*Bernal v. All American Investment Realty, Inc.*, 479 F. Supp 2d 1291, 1326 (S.D. Fla. 2007)

(quoting *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003). In the instant matter the Association's argument for Rule 11 sanctions is premised upon its assertion that Lumbermens waived its right to petition the court for reconsideration in the agreement reached by the parties at mediation. Since this Court finds no basis for granting the motion for reconsideration, it is unnecessary to resolve the question. However, I note that there does appear to be a reasonable factual and legal agreement that Lumbermens did not waive its right to petition the court for reconsideration. *See, e.g., Waters v. Int'l Precious Metals Corp.*, 237 F.3d 1273, 1276 (11th Cir. 2001) ("This court rejects the proposition that a party may be barred from appealing a settlement argument just because the party failed to specifically reserve a right of appeal.").

Lumbermens' Motion for Reconsideration, although unpersuasive, does not appear to have been filed in bad faith or for an improper purpose. Furthermore, Lumbermens has a sound legal and factual basis upon which to support its argument that the motion was not filed in violation its settlement agreement with the Association. Accordingly, sanctions under Rule 11 are not appropriate in this instance.

    C.    *The Association's Motion to Enforce the Judgment*

"In any case, a court retains authority to enforce its orders and judgments." *In re Martin*, 490 F.3d 1272, 1275 (11th Cir. 2007). Having found no basis for Lumbermens' Motion for Reconsideration, this Court's order of October 11, 2007 stands and will be enforced.

Therefore, the Court hereby **ORDERS and ADJUDGES** as follows:

    1.    Lumbermen's Motion for Reconsideration [DE 49] is **DENIED**;

    2.    The Association's Motion for Rule 11 Sanctions [DE 53] is **DENIED**;

3. The Association's Motion to Enforce Judgment [DE 46] is **GRANTED**

and accordingly, the Defendants are entitled to the coverage they claim.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of March 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Stephen T. Brown*
*Counsel of Record*